# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Petitioner,

v.                                                CIVIL ACTION NO. 5:21-cv-00367

WARDEN, FCI Beckley,

        Respondent,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Petitioner,

v.                                                  CIVIL ACTION NO. 5:21-cv-00387

WARDEN, FCI Beckley,

        Respondent,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY

        Petitioner,

v.                                                  CIVIL ACTION NO. 5:21-cv-00492

WARDEN, FCI Beckley,

        Respondent.

**MEMORANDUM OPINION AND INJUNCTION ORDER**

On October 21, 2021, Magistrate Judge Aboulhosn issued an Order to Show Cause why a prefiling injunction should not be issued against (Chief) Col. Michael S. Owl Feather-Gorbey, with a response deadline of November 22, 2021. [Case No. 492, Doc. 7]. Having received

no response, Magistrate Judge Aboulhosn filed his PF&R on November 30, 2021, recommending the Court issue a prefiling injunction against Mr. Feather-Gorbey for the following types of claims:

> (1) Petitioner's Eighth Amendment rights by subjecting him to "gang rule," "gang control," verbal harassment, and intimidation; (2) Petitioner's Eighth Amendment rights by denying him proper medical treatment for his glaucoma, a lower bunk pass, and prosthetic left ankle brace, right knee brace, right wrist brace and medical shoes; (3) Petitioner's First Amendment rights by denying him access to the administrative remedy process, writing materials, and postage; (4) Petitioner's "religious rights" as a Native American under the First Amendment, the RFRA [Religious Freedom Restoration Act], and the RLUIPA [Religious Land Use and Institutionalized Persons Act]; (5) Petitioner's due process rights under the Fourth Amendment by improperly searching his cell, subjecting him to pat downs, and filing "bogus" disciplinary charges resulting in the loss of prison privileges; (6) Petitioner's First Amendment rights by retaliating against him for filing grievances and Complaints; and (7) Petitioner's "rights" by allowing staff to use tobacco products on prison premises for non-religious reasons.

[Doc. 14 at 3-4].

Mr. Feather-Gorbey responded to the Order to Show Cause, contending he did not receive the Order until November 30, 2021. [Doc. 18 at 1]. The Magistrate Judge's findings and recommendations are not final until adopted by the District Court. 28 U.S.C. § 636(b)(1). The PF&R is a recommendation to the Court to which parties may file objections. *Id.* Therefore, the Court will address Mr. Feather-Gorbey's late response and his objections, dated December 9, 2021, and filed December 27, 2021. [Doc. 22].

Mr. Feather-Gorbey's response and objections contain similar contentions, though neither specifically responds or objects to the Magistrate's Order or findings. Instead, he renews his contentions as previously asserted in his filings. Specifically, he claims he is denied meaningful access to the Court because prison staff does not promptly distribute incoming or outgoing legal mail, denies him postage and writing materials, and improperly opens and reads his legal mail. [Docs. 18 at 1, 22 at 1-5]. He challenges this Court's denial of relief in this action and previous actions relating to an alleged physical assault. He states:

> [Y]our dumb ass should be put in restraints behind you [sic] back & slam on them & then see if your injuries turn out serious. Throw you in a cage & deny you medical, indigent postage, religious access, feed you rotten foods & deny you any local remedy access while continuing to threaten you with more assault & see if you want to file in the Court.

[Doc. 18 at 2]. He contends this Court is attempting to sanction him for filing a new suit each time he experiences an injustice, which he asserts he is forced to do because he believes 28 U.S.C. § 1915(g) prohibits the Court from considering amended Complaints in the pre-suit screening process. [Doc. 18 at 3-4]. He renews his disagreement with this Court's denial of relief through his various habeas corpus, *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and Federal Tort Claims Act ("FTCA") actions, stating, "your dumb assess [sic] are leaving us not anywhere to go for relief trying to make us violent or to suffer life changing assaults or death. When your bitch ass should be made to suffer every minute of what I have & in fact you should suffer it 10 times over." [Doc. 22 at 5–6]. Mr. Feather-Gorbey concludes his response with the following:

> While here I must stress a point. That only Native Americans have a right to citizenship in this country. While everyone else's is a privilige [sic] & you clowns posing as judges are pressing verry [sic] hard on your privliges [sic] that you will soon find out I and only I have the power to revoke. So if you want to sanction one of all fucken [sic] people try that & see where that gets your bitch ass in the end. You've already caused me physical injuries & denial of medical treatment & all 4 of you clowns posing as Judges, Aboulhosn, Volk, Tinsley, & Johnston are seriously pressing you [sic] fucken [sic] luck.

[Doc. 22 at 6].

Additionally, Mr. Feather-Gorbey sent two letters to the undersigned. These letters discuss necessary governmental reform. Mr. Feather-Gorbey refers to himself as a "United Nations Ranger & Director, Project of Authority," who is tasked with providing a "final report" to the United Nations about his plans for reform. [Doc. 20 at 6]. He notes if the federal government does not reform in the suggested ways, he will inform the United Nations of the noncompliance:

3

> But if I must I will simply carry it back to the U.N. & redress it there for which that way nobody here with a federal or state job ever having done me wrong, abused office, or shown misconduct or unprofessionalism within our U.S.A. is gona [sic] like the results!!!!!! Because if you all make me go that far to actually have to envolve [sic] the U.N. just to reform & fix our own fuck ups, I'm gona [sic] make damb shure [sic] none not a single one is ever able to subject us to this again by whatever means necessary! So take that however you all feel. You have been pre-advised & if you think you are so secure in your jobs & your unprofessionisms [sic] that you feel completely immune you may want to rethink your possission [sic] because you've got life & reality all the way fucked up!

[Doc. 20 at 7].

A second letter provides a detailed explanation regarding his plan to use a law he refers to as the "American Democracy Despiration [sic] Act of 1979" to seize the office of President of the United States, by which he shall adopt widespread reform in ways no other president has or could in order to "take back our government." [Doc. 21 at 1, 8]. He wishes for a jury composed of state governors to award him various forms of damages, most notably the title of chief and commander of the United States. [*Id.* at 10–11]. Additionally, he attempts to persuade the undersigned, other members of this Court, the United States Attorney, and judges on the United States Court of Appeals for the Fourth Circuit to side with him in his quest for reform. [*Id.* at 8-9, 11–12]. He suggests quid pro quo corruption is necessary for his plan to succeed:

> If Chief Judge Gregory 4th Cir. Us. App. Court [sic] can controle [sic] his court as I think he can & if he would ride or die with us, it's a wrap. Game over we win, because his Court can hold up & then decied [sic] in our faver [sic] any appeal to what I'm about to suggest & explain, which is taking back our government.
>
> . . .
>
> If Gregory fail [sic] to ride with us I can argue he is part of what's needing reformed & skip his ass & of corce [sic] the Supreme Court who's seriously envolved & carry it strate [sic] back to the U.N. if need bee [sic] where I will have Mongolia, China, Russia, N. Korea, Iran, Equador [sic], Elsalvadore [sic], Scotland, Japan & 50 other or more countries on my side, on our side, so if they refuse to settle.

[*Id.* at 8–10]. He concludes this letter with the following:

4

> Yes! I know at 1st [sic] it sounds crazy, but once you think about it & consider real law & our constitution, it's not really so crazy at all. We just gota [sic] be a little crazy to try it & must walk through hell to get to heaven. 1st thing you gota [sic] do is keep me at Beckley in Beckley, W.Va. & 2nd we need to talk.

[*Id.* at 12]. Notably, Mr. Feather-Gorbey's filings in his various cases indicate his displeasure with his incarceration at FCI Beckley, and he was indicted for attempted escape from the same. *See United States v. Michael S. Gorbey,* 5:21-cr-214.

### I.

**A.     Proposed Findings and Recommendations**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

B.   **Prefiling Injunction**

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N.A., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). However, "a judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Id.* at 817–18 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). Notably, "'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" *Id.* (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

Our Court of Appeals determined district courts should weigh four factors when considering the implementation of a prefiling injunction against a pro se litigant:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818. If the District Court determines an injunction is appropriate, the injunction should be "narrowly tailored to fit the specific circumstances at issue," and must "afford a litigant notice and an opportunity to be heard." *Id.* at 818–19.

II.

Mr. Feather-Gorbey has been incarcerated in this District since January 13, 2021. In the span of one year, he has filed fifteen civil actions in this Court, four of which pend before

the undersigned, and one pends before another member of this Court. All other cases were dismissed for failure to state a claim. *See (Chief) Col. Michael S. Owl Feather-Gorbey v. Brown et al.*, Civil Action No. 5:21-cv-00091 (dismissed for failure to show imminent danger under 28 U.S.C. § 1915(g)); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Smith et al.*, Civil Action No. 5:21-cv-00209 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. United States of America*, Civil Action No. 5:21-cv-00210 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Manning et al.*, Civil Action No. 5:21-cv-00270 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Vest et al.*, Civil Action No. 5:21-cv-00354 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00367 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Young et al.*, Civil Action No. 5:21-cv-00373 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00387 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Morris et al.*, Civil Action No. 5:21-cv-00395 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00492 (same); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00583 (pending); *(Chief) Col. Michael S. Owl Feather-Gorbey v. U.S. Att'y Gen. et al.*, Civil Action No. 5:21-cv-00593 (pending); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Williams et al.*, Civil Action No. 5:21-cv-00673 (pending); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:22-cv-00007 (pending); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden et al.*, Civil Action No. 5:22-cv-00022 (pending). Three cases were dismissed by another member of this Court, whereby the Court warned him in each dismissal Order "that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction." *See (Chief) Col. Michael S. Owl Feather-Gorbey v. Vest et al.*, Civil Action No. 5:21-cv-00354, Doc. 5 at 7; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Young et al.*, Civil Action No. 5:21-

cv-00373, Doc. 5 at 5; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Counselor Morris et al.*, Civil Action No. 5:21-cv-00395, Doc. 4 at 7.

It is apparent that Mr. Feather-Gorbey is a serial filer, instituting innumerable actions in multiple federal courts nationwide. *See, e.g., Owl Feather-Gorbey v. Crickard, et. al.*, Civil Action No. 0:20-cv-01116-JFA-PJG, 2021 WL 1811563 (D.S.C. May 6, 2021); *Feather-Gorbey v. Clarke*, Civil Action No. 2:20-cv-270, 2021 WL 1082478 (E.D. Va. Mar. 19, 2021); *Feather-Gorbey v. Carney*, Civil Action No. 1:20-cv-1850, 2021 WL 51578 (M.D. Pa. Jan. 6, 2021); *Feather-Gorbey v. Biden*, Civil Action No. 7:20-cv-00750, 2020 WL 7407869 (W.D. Va. Dec. 17, 2020); *Gorbey v. Spaulding, et al.*, Civil Action No. 3:20-cv-1457, 2020 WL 6787493 (M.D. Pa. Nov. 17, 2020); *Gorbey v. Gass, et. al.*, Civil Action No. 3:20-cv-1050, 2020 WL 6107049 (M.D. Pa. Oct. 15, 2020); *Owlfeather-Gorbey v. Warden, FCI Cumberland*, 823 F. App'x 200 (4th Cir. 2020); *Owl Feather-Gorbey v. United States, et al.*, Civil Action No. 1:20-cv-2401, 2020 WL 6144568 (D.D.C. Sept. 29, 2020); *Gorbey v. Lieutenant Avery*, No. 19-6470, slip op. (4th Cir. Nov. 7, 2019); *Gorbey v. Mubarek, et al.*, Civil Action No. 1:19-cv-220, 2019 WL 5593284 (D. Md. Oct. 30, 2019); *Feather-Gorbey v. Warden*, 775 F. App'x 111 (4th Cir. 2019); *In re Owl Feather Gorbey*, 773 F. App'x 173 (4th Cir. 2019); *Owl Feather-Gorbey v. Maryland*, 776 F. App'x 173 (4th Cir. 2019); *Owl Feather-Gorbey v. Fed. Bureau of Prisons*, 773 F. App'x 133 (4th Cir. 2019); *Gorbey v. Dunbar, et. al.*, Civil Action No 1:18-cv-2754, 2019 WL 5339607 (D. Md. April 24, 2019), *aff'd*, 787 F. App'x 824 (4th Cir. 2019); *Gorbey v. Obama, et. al.*, Civil Action No. 7:16-cv-00455, 2016 WL 7157989 (W.D. Va. Dec. 6, 2016); *Owlfeather-Gorbey v. Bowles*, Civil Action No. 7:16-cv-0054, 2016 WL 10588048 (W.D. Va. Dec. 6, 2016); *Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, Civil Action No. 5:11-cv-00126, 2012 WL 1987163 (N.D.W. Va. June 1, 2012); *Gorbey v. United States*, Civil Action No. 2:08-cv-00121

(N.D.W. Va. July 7, 2010). Importantly, many of these actions were dismissed for failure to state a claim. One might surmise that Mr. Feather-Gorbey's history of frivolous filings spans over a period of at least twelve years. Thus, the first *Cromer* factor is satisfied.

The second *Cromer* factor is also satisfied. As noted, many of the previous suits in this Court and others have been dismissed for being vexatious, frivolous, or for failure to state a claim. And Mr. Feather-Gorbey's misuse of the litigation process and rhetoric both appear to be escalating. For example, the response and objections to Magistrate Judge Aboulhosn's PF&R recommending the issuance of a prefiling injunction against him both contained vulgar, inappropriate, and threatening language towards the undersigned and other members of this Court. [Docs. 18, 22].

Additionally, the two letters demonstrate a lack of good faith. These letters are the first communications the undersigned has received from Mr. Feather-Gorbey outside of case filings, and the contents are troubling. Threats in any capacity to federal judges or other government employees -- no matter how credible -- are not to be taken lightly. Such letters and case filings are vexatious and harassing and demonstrate a disregard for the proper boundaries of the litigation process. Thus, the second *Cromer* factor is met.

The third *Cromer* factor -- the extent of the burden on the courts -- is likewise satisfied. Mr. Feather-Gorbey attempts to rely upon 28 U.S.C. § 1915(g) as his reason for filing multiple civil actions since he believes the Court cannot consider amended Complaints when screening the matter. That mistaken legal conclusion is both meritless and suspect. It appears Mr. Feather-Gorbey repeatedly files new civil actions based upon the same or similar claims as those that have been dismissed simply because he failed to obtain relief. He then states his failure to obtain relief is based in judicial bias and prejudice, attempting to have each judicial officer recused

when they decide unfavorably against him. This strikes one as a troubling "judge shopping" maneuver that, again, creates difficulty for the adjudicative process.

Mr. Feather-Gorbey has filed new suits attempting use of different mechanisms for relief, utilizing almost verbatim language between Complaints or Petitions in a fruitless attempt to circumvent the three-strikes filing provision under 28 U.S.C. § 1915(g). He has filed numerous *Bivens* actions and one FTCA action in this District; when the Court enters Orders denying relief Mr. Feather-Gorbey has resorted to filing Petitions for Writ of Habeas Corpus alleging primarily the same claims no matter if those claims may be properly presented through such Petition.

Another burdensome strategy adopted by Mr. Feather-Gorbey is his limitless capacity to produce meritless papers not contemplated by Court order or the Local Rules. For example, he often demands a response to his filings within days of submission, leading to duplicitous filings which overwhelm the docket. *See, e.g.*, Motion to Reconsider or as an Alternative Appeal to the Dismissal and Denial of Consideration, Doc. 19, dated December 2, 2021, filed December 13, 2021; Notice of Appeal, Doc. 23, dated December 13, 2021, filed December 27, 2021. With each new submitted document, the Clerk must review, docket, and file the materials. The Court then spends considerable time reviewing his lengthy filings, only to conclude the material is meritless, vexatious, or malicious. In most cases, the documents are nearly verbatim copies of ones previously submitted to the Court in the same or related actions and taken under consideration by the Court. This burden necessarily delays the Court in addressing other disputes requiring attention. It is clear the third *Cromer* factor is satisfied.

There are no viable alternative sanctions. A fine is an inadequate sanction due to indigency. A threat of contempt resulting in incarceration is pointless, inasmuch as Mr. Feather-Gorbey is presently incarcerated and not due for release for many years. The imposition of a

prefiling injunction is the only appropriate sanction to prevent further abuse of the federal judicial system. Thus, the fourth *Cromer* factor is satisfied.

The Court concludes all *Cromer* factors are satisfied and warrant the issuance of a prefiling injunction against Mr. Feather-Gorbey.

### III.

*Cromer* instructs a prefiling injunction must be narrow. "A narrowly tailored injunction, therefore, would address only filings in that *or related actions*." *Cromer*, 390 F.3d at 819 (emphasis added). The Court must take caution when limiting a litigant's access to the courts; however, such extreme measures are warranted here. The Magistrate Judge recommends Mr. Feather-Gorbey be barred from bringing civil actions on a very specific set of claims. [Doc. 14 at 3-4]. Based upon his litigious nature in this Court and others, the Court is concerned about attempts to bypass the prefiling injunction if its terms were limited as narrowly as the Magistrate Judge recommends. The claims in his suits all relate, at least tangentially, to the deprivation of certain constitutional rights under the First, Fourth, and Eighth Amendments to the United States Constitution. Many of his claims relate to bias, collusion, or prejudice of certain governmental actors, which then results in his alleged constitutional deprivations. Therefore, the Court concludes Mr. Feather-Gorbey should be barred from filing any civil action in this District relating to the deprivation of constitutional rights through alleged prejudice, bias, or collusion of governmental actors without first obtaining leave of Court, paying the filing fee in full, or obtaining representation of counsel. Further, the Court concludes Mr. Feather-Gorbey's excessive, duplicitous filings within each civil action warrant the extension of the prefiling injunction to his pending matters. To clarify, this injunction affects his ability to file future civil actions and filings

within his pending matters and does not serve to dismiss his pending matters.

Upon entry of this Order, the Clerk shall refer any Petitions or Complaints to initiate new civil actions to the Chief Judge or his designate for review prior to entry on the docket. The Clerk shall refer any filings in his open cases to the presiding judicial officer for review prior to entry on the docket. Absent prior approval, the Clerk shall be directed to lodge the new action or filing in a miscellaneous case to facilitate appellate review but to otherwise do so without further action from the Court. Upon docketing in the miscellaneous case, the Clerk shall issue a notice documenting the date of filing and its noncompliance with this Injunction Order. Filings intended for open cases which do not receive prior approval shall be docketed in the miscellaneous case and noticed in the same manner, noting the associated case number for appellate review. In consideration of whether to grant leave of Court to file a new civil action, the Court may require Mr. Feather-Gorbey to submit additional facts or evidence beyond what is required by the *Federal Rules of Civil Procedure* or the Antiterrorism and Effective Death Penalty Act of 1996 for filing a Complaint or a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Mr. Feather-Gorbey is advised that nothing in this injunction will be construed as limiting his ability to defend himself in any civil or criminal matter in this Court.

### IV.

Based upon the foregoing discussion, the Court **ORDERS** as follows respecting this matter:

1. The Magistrate Judge's PF&R is **ADOPTED IN PART**;
2. Petitioner (Chief) Michael S. Owl-Feather Gorbey is hereby **ENJOINED** from filing any new civil action in the United States District Court for the Southern District of West

Virginia relating to the deprivation of his constitutional rights through alleged bias, prejudice, or collusion of governmental actors unless he first obtains leave of Court through the procedure outlined in this Memorandum Opinion and Order, pays the filing fee in full, or obtains representation by an attorney duly licensed to practice law in the state of West Virginia and admitted before this Court.

3. The Clerk is **DIRECTED** to present any new filings in Mr. Feather-Gorbey's open cases to the presiding judicial officer for review prior to docketing. The Clerk is further **DIRECTED** to present any new Complaints or Petitions to initiate new civil actions to the Chief Judge or his designate for review prior to docketing. Absent prior approval, the Clerk shall be directed to lodge the new action or filing in a miscellaneous case to facilitate appellate review but to otherwise do so without further action from the Court. Upon docketing in the miscellaneous case, the Clerk shall issue a notice documenting the date of filing and its noncompliance with this Injunction Order. Filings intended for open cases which do not receive prior approval shall be docketed in the miscellaneous case and noticed in the same manner, noting the associated case number for appellate review.

The Court directs the Clerk to send a copy of this Order to pro se Plaintiff, counsel of record, and any unrepresented party.

ENTER: February 4, 2022



Frank W. Volk
United States District Judge